UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PEREZ D. REED, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17 CV 2857 RWS |
| STATE OF MISSOURI and BEVERLY HAUBER, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, I will assess a partial initial filing fee of $1, an amount which is reasonable based upon the information I have about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997); 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), I must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, a complaint needs to plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, an inmate at the St. Louis County Justice Center, brings this action alleging the State of Missouri and his public defender, Beverly Hauber, are violating his constitutional rights by requiring him to submit to a mental evaluation before he goes to trial. Plaintiff states he is mentally fit and refuses to participate in the mental evaluation. Plaintiff has complained to both Ms. Hauber and the District Public Defender, Stephen Reynolds, that he will not submit to such an exam. In response, Mr. Reynolds has informed plaintiff that the trial court requires the examination.

**Discussion**

A § 1983 claim must allege that a defendant, acting under color of state law, deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Generally, a public defender does not act under color of state law while representing a plaintiff in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981).

Plaintiff has filed this § 1983 action against his public defender, Beverly Hauber. Although there may be exceptions to the general rule that public defenders do not act under color of state law, such as "certain administrative and possibly investigative functions," *id.*, plaintiff has not alleged any facts supporting an exception. For example, plaintiff has not alleged his public defender is engaged in any intentional misconduct or conspiratorial acts. I cannot find

defendant Hauber acted under color of state law in her capacity as plaintiff's public defender. Accordingly, plaintiff's §1983 claim against Hauber fails and will be dismissed under § 1915(e).

Plaintiff also cannot bring his § 1983 claims against the State of Missouri. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As a result, the complaint fails to state a claim upon which relief can be granted as to the State of Missouri, and plaintiff's § 1983 claim against the State of Missouri will be dismissed under § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2].

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Reed's action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January 2018.